STEPHEN B. MORRIS
MORRIS AND ASSOCIATES
444 WEST C STREET, SUITE 300
SAN DIEGO, CA  92101
TEL:  (619) 239-1300
FAX:  (619) 234-3672

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRI PAZDERNIK, an individual, on behalf of herself, and on behalf of all persons similarly situated <br> PLAINTIFF(S) <br> v. <br> INNOVEX (NORTH AMERICA) INC., a Delaware corporation conducting business in the State of California, and Does 1 to 100, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> SACV08-0265 AHS <br><br><br> **SUMMONS** |

TO:    DEFENDANT(S):  <u>INNOVEX (NORTH AMERICA) INC.</u>

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Stephen B. Morris_____, whose address is _444 West C Street, Suite 300, San Diego, CA  92101_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: ___MAR 10 2008___

By: _M. Hernandez_____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

FILED

2008 MAR 10 PM 2:14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____

1  Stephen B. Morris (SBN 126192)
   Mark C. Hinkley (SBN 138759)
2  **MORRIS and ASSOCIATES**
   444 West C Street, Suite 300
3  San Diego, California 92101
   Tel: (619) 239-1300
4  Fax: (619) 234-3672
   morris@sandiegolegal.com
5
   Walter Haines (SBN 71075)
6  **UNITED EMPLOYEES' LAW GROUP, P.C.**
   65 Pine Avenue, #312
7  Long Beach, CA 90802
   Tel: (877) 696-8378
8  Fax: (310) 234-5666

9  Attorneys for Plaintiffs, Jerri Pazdernik, et al.

10              UNITED STATES DISTRICT COURT

11            CENTRAL DISTRICT OF CALIFORNIA

12  JERRI PAZDERNIK, an individual, on      ) CASE No. **SACV08-0265 AHS**
    behalf of herself, and on behalf of all  )
13  persons similarly situated,              )
                                             ) **ORIGINAL COMPLAINT FOR**
14      Plaintiff,                           ) **DAMAGES AND RELIEF**
                                             )
15  vs.                                      ) **1. FAIR LABOR STANDARDS**
                                             ) **ACT CLAIM;**
16  INNOVEX (NORTH AMERICA) INC.,            )
    a Delaware corporation conducting        ) **2. FAILURE TO PAY OVERTIME**
17  business in the State of California, and  ) **COMPENSATION**
    Does 1 to 100.                           ) [Cal. Lab. Code §§510, 515, 1194,
18                                           ) 1198];
        Defendants.                          )
19                                           ) **3. FAILURE TO PROVIDE MEAL**
                                             ) **AND REST PERIODS**
20                                           ) [Cal. Lab.Code §§226.7, 512]
                                             )
21                                           ) **4. FAILURE TO PROVIDE**
                                             ) **WAGES WHEN DUE**
22                                           ) [Cal. Lab.Code §§201-203];
                                             )
23                                           ) **5. FAILURE TO COMPLY WITH**
                                             ) **ITEMIZED EMPLOYEE WAGE**
24                                           ) **STATEMENT PROVISIONS**
                                             ) [Cal. Lab. Code §226(a)]; and
25                                           )
                                             ) **6. UNFAIR COMPETITION**
26                                           ) [Cal. Bus. & Prof. Code §17200, *et*
    _____        ) *seq.*]
27                                           )
                                             **CLASS ACTION**
28
                                             **DEMAND FOR A JURY TRIAL**

1    This class action is brought on behalf of present and former Sales
2  Representatives employed in the United States by Defendant INNOVEX (NORTH
3  AMERICA) INC. (hereinafter "INNOVEX"). All allegations in this Complaint are
4  based upon information and belief except for those allegations which pertain to the
5  Plaintiff named herein, JERRI PAZDERNIK, (hereinafter "PLAINTIFF"), and her
6  counsel. Each allegation in this Complaint either has evidentiary support or is likely
7  to have evidentiary support after a reasonable opportunity for further investigation
8  and discovery.
9
10                          **PRELIMINARY STATEMENT**
11    1.    This is an action for unpaid minimum wages, overtime, and damages
12  brought by Plaintiff on behalf of herself and other similarly situated Sales
13  Representatives who were employed by Defendant in the United States.
14    2.    Plaintiff alleges that the wage violations at issue arose out of a policy
15  and practice of Defendant applicable to other, similarly situated workers. Plaintiff
16  seeks money damages to redress these violations of law.
17
18                               **JURISDICTION**
19    3.    This Court has jurisdiction over the subject matter of this action pursuant
20  to 29 U.S.C. § 216(b) (Fair Labor Standards Act), 28 U.S.C. § 1331 (federal
21  question jurisdiction), and 28 U.S.C. § 1337 (actions arising under Acts of Congress
22  regulating commerce).
23
24                                  **VENUE**
25    4.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Venue
26  is proper in this Court because the injuries to the persons complained of herein
27  occurred in the County of Orange, California.
28

**PARTIES**

5.     Plaintiff JERRI PAZDERNIK ("PLAINTIFF") alleges that at all material times mentioned herein, she is and was:

        (a)     An individual who currently resides in the State of California;

        (b)     Employed as a Sales Representative for Defendant INNOVEX;

        (c)     Who worked more than eight (8) hours in any given day and more than forty (40) hours in any given week;

        (d)     Did not receive overtime compensation; and

        (e)     Was a member of the CLASS as defined in this Complaint.

6.     PLAINTIFF is informed and believes, and alleges upon information and belief, that Defendant, INNOVEX (NORTH AMERICA) INC. (hereinafter "INNOVEX") at all times during the Class Period was:

        (a)     A contract sales organization with its principal place of business in the State of New Jersey and conducting business throughout the United States and in the County of Orange in the State of California;

        (b)     The former employer of PLAINTIFF and the current and/or former employer of the putative CLASS members; and

        (c)     Failed to pay overtime compensation to all members of the CLASS.

7.     Plaintiff Pazdernik seeks to bring her claims on behalf of "all Sales Representatives employed in the United States by Defendant during the Claims Period" and will further represent any such individuals who have additional timely claims arising from employment with INNOVEX.

**REPRESENTATIVE CLASS ALLEGATIONS**

8.     This Complaint is brought, in part, as a Representative Action as authorized by the Federal Fair Labor Standards Act (FLSA) at 29 U.S.C. Sec.

1  216(b). Plaintiff will seek prompt discovery in order to permit other potential
2  representative class members to opt-in to this action as provided therein.

3      9.      It is the position of counsel for the Plaintiffs that this action is not
4  subject to the requirements and Procedures of Fed.R.Civ.P. 23.

5      10.     The class is so numerous that joinder of all members is impractible.

6      11.     Plaintiff is an adequate representative of the proposed representative
7  CLASS hereunder, because:

8          (a)   Her claims are typical of those of other persons in the represented
9                CLASS;

10         (b)   She is represented by competent counsel with experience in
11               related litigation; and

12         (c)   Defendant acted on grounds common to all members of the
13               represented CLASS.

14     12.     Alleged questions common to the CLASS are set forth in detail below.

15     13.     Alleged questions of law arise primarily from Defendant's obligations
16  under the Federal Fair Labor Standards Act. Those questions are common to all the
17  FLSA claims.

18     14.     There is little need for individual represented CLASS members to
19  individually control their claims as the issues are common to all persons and
20  primarily involve common issues of law.

21     15.     Counsel is unaware, after inquiry, of any pending litigation involving this
22  issue with Defendant.

23     16.     This forum is an appropriate forum for concentration of FLSA litigation
24  of claims involving the Defendant as the practice of denying overtime benefits was
25  carried out in this forum and caused injury in this district.

26     17.     No serious difficulties are anticipated in the administration of this matter
27  as a representative action if Defendant promptly cooperates in the provision of
28  information necessary to communicate with potential represented class members.

**FACTS**

18.    At all times relevant herein, Defendant was an enterprise engaged in commerce as that term is defined in 29 U.S.C. §§ 203(r) and (s).

19.    PLAINTIFF alleges she was employed by INNOVEX from approximately January 19, 2004 to March 22, 23006 as a Sales Representative.

20.    Defendant INNOVEX improperly classified PLAINTIFF, and other members of the CLASS, as "exempt." Consequently, the PLAINTIFF, and the other members of the CLASS, were not paid overtime wages for hours worked in excess of eight hours per day and/or forty hours per week.   Although classified as exempt, the duties of PLAINTIFF, and other members of the CLASS, do not meet the requirements for exemption from overtime compensation.

21.    Throughout the Class Period, INNOVEX systematically misclassified PLAINTIFF and every other Sales Representative who are members of the CLASS as "exempt," when in fact they are not.

22.    Accordingly, and despite the fact that PLAINTIFF, and the other members of the CLASS, regularly worked in excess of 8 hours a day and 40 hours per week, they did not receive overtime compensation in violation of the Federal Fair Labor Standards Act (FLSA) and state law overtime requirements for all hours worked in excess of 40 hours per week. The failure to provide such overtime payment to PLAINTIFF deprived her of rights protected under the FLSA and Cal. Lab. Code and Industrial Welfare Commission.

**FIRST CAUSE OF ACTION**

**FAIR LABOR STANDARDS ACT CLAIM**
**(By the CLASS and Against all Defendants)**

23.    Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

24.    Defendant violated the Fair Labor Standards Act, 29 U.S.C. §207 and

1  the rights of Plaintiff PAZDERNIK, and other similarly situated Sales

2  Representatives, for which Plaintiff PAZDERNIK and other similarly situated

3  workers are entitled to relief pursuant to 29 U.S.C. § 216(b). The actions of the

4  Defendant violated provisions as to the overtime requirements of the FLSA.

5

6                       **SECOND CAUSE OF ACTION**

7      **FOR FAILURE TO PAY OVERTIME COMPENSATION**
       **[Cal. Lab. Code §§510, 515.5, 1194 and 1198]**
8          **(By the CLASS and Against all Defendants)**

9      25.    Plaintiff incorporates by reference the preceding allegations of this

10  Complaint as though set forth here in their entirety.

11     26.    Cal. Lab. Code § 510 provides that employees in California shall not be

12  employed more than eight (8) hours in any workday or forty (40) hours in a

13  workweek unless they receive additional compensation beyond their regular wages in

14  amounts specified by law.

15     27.    Cal. Lab. Code § 1194 establishes an employee's right to recover unpaid

16  overtime compensation, interest thereon, together with the costs of suit, and

17  attorneys fees. Cal. Lab. Code § 1198 states that the employment of an employee for

18  longer hours than those fixed by the Industrial Welfare Commission is unlawful.

19     28.    INNOVEX has intentionally and improperly designated certain

20  employees, including PLAINTIFF, and other members of the CLASS, as "exempt"

21  employees to avoid payment of overtime wages and other benefits in violation of the

22  Cal. Lab. Code and Industrial Welfare Commission requirements.

23     29.    In particular, the Industrial Welfare Commission Wage Order No.4 sets

24  forth the requirements which must be complied with to place an employee in an

25  exempt category. For an employee to be exempt as a bona fide "executive," all the

26  following criteria must be met:

27           (a)    Whose duties and responsibilities involve the management of the

28                  enterprise in which he/she is employed or of a customarily

Pazdernik v. Innovex                    6                              Complaint

1  recognized department or subdivision thereof; and

2  (b)  Who customarily and regularly directs the work of two or more
3  other employees therein; and

4  (c)  Who has the authority to hire or fire other employees or whose
5  suggestions and recommendations as to the hiring or firing and as
6  to the advancement and promotion or any other change of status
7  of other employees will be given particular weight; and

8  (d)  Who customarily and regularly exercises discretion and
9  independent judgment; and

10  (e)  Who is primarily engaged in duties which meet the test of the
11  exemption. The activities constituting exempt work and
12  non-exempt work shall be construed in the same manner as such
13  items are construed in the following regulations under the Fair
14  Labor Standards Act effective as of the date of this order: 29
15  C.F.R. Sections 541.102, 541.104-111, and 541.115-16. Exempt
16  work shall include, for example, all work that is directly and
17  closely related to exempt work and work which is properly
18  viewed as a means for carrying out exempt functions. The work
19  actually performed by the employee during the course of the
20  workweek must, first and foremost, be examined and the amount
21  of time the employee spends on such work, together with the
22  employer's realistic expectations and the realistic requirements of
23  the job, shall be considered in determining whether the employee
24  satisfies this requirement; and

25  (f)  Such an employee must also earn a monthly salary equivalent to
26  no less than two (2) times the state minimum wage for full-time
27  employment. Full-time employment is defined in Labor Code
28  Section 515(c) as 40 hours per week.

30.     The job duties of PLAINTIFF, and other members of the CLASS, do not
fit the definition of either an exempt executive, administrative, or professional
employee because:

       (a)     Less than fifty percent (50%) of their work hours are spent on
managerial or administrative (exempt) duties;

       (b)     More than fifty percent (50%) of their work hours are spent
performing non exempt duties, including but not limited to
distributing samples, doing inventory and sales;

       (c)     They do not have discretion or independent judgment;

       (d)     They do not have the authority to hire and fire other personnel;
and

       (e)     None of the exemptions articulated in Wage Order No.4, nor do
the exemptions articulated in Cal. Lab. Code §515, apply to the
PLAINTIFF, or to the other members of the CLASS.

31.     At all times relevant hereto, from time to time, the PLAINTIFF, and the
other members of the CLASS, have worked more than eight hours in a workday,
and/or more than forty hours in a work week.

32.     At all times relevant hereto, Defendant INNOVEX failed to pay
PLAINTIFF, and the other members of the CLASS, overtime compensation for the
hours they have worked in excess of the maximum hours permissible by law as
required by Cal. Lab. Code §§ 510 and 1198. In fact, PLAINTIFF, and the other
members of the CLASS, were regularly required to work overtime hours.

33.     By virtue of INNOVEX' unlawful failure to pay additional compensation
to the PLAINTIFF, and the other members of the CLASS, for their overtime hours,
the PLAINTIFF, and the other members of the CLASS, have suffered, and will
continue to suffer, damages in amounts which are presently unknown to them but
which exceed the jurisdictional limits of this Court and which will be ascertained
according to proof at trial.

1      34.    PLAINTIFF, and the other members of the CLASS, are informed and

2 believe, and based upon that information and belief allege, that INNOVEX knew or

3 should have known that PLAINTIFF, and the other members of the CLASS, did not

4 qualify as exempt employees and purposely elected not to pay them for their

5 overtime labor.

6      35.    PLAINTIFF, and the other members of the CLASS, request recovery of

7 overtime compensation according to proof, interest, attorney's fees and cost pursuant

8 to Cal. Lab. Code §§ 218.5 and 1194(a), as well as the assessment of any statutory

9 penalties against Defendant INNOVEX, in a sum as provided by the Cal. Lab. Code

10 and/or other statutes. Further, PLAINTIFF, and the other members of the CLASS,

11 are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal.

12 Lab. Code §§ 218.5 and 1194.

13

14                        **THIRD CAUSE OF ACTION**

15     **FOR FAILURE TO PROVIDE MEAL PERIODS AND REST PERIODS**
                 **[Cal. Lab. Code §§ 226.7 and 512]**

16         **(By the CLASS and Against All Defendants)**

17      36.    Plaintiff incorporates by reference the preceding allegations of this

18 Complaint as though set forth here in their entirety.

19      37.    Cal. Lab. Code §§ 226.7 and 512 provide that no employer shall employ

20 any person for a work period of more than five (5) hours without a meal period of

21 not less than 30 minutes.

22      38.    Cal. Lab. Code § 226.7 provides that if an employer fails to provide an

23 employee a meal period in accordance with this section, the employer shall pay the

24 employee one (1) hour of pay at the employee's regular rate of compensation for each

25 five (5) hours of work that the meal period is not provided.

26      39.    INNOVEX has intentionally and improperly denied meal periods to

27 PLAINTIFF, and other members of the CLASS, in violation of Cal. Lab. Code

28 §§226.7 and 512.

40.     At all times relevant hereto, PLAINTIFF, and other members of the CLASS, have worked more than five hours in a workday. At all relevant times hereto, INNOVEX has failed to  provide meal periods as required by Cal. Lab. Code §§ 226.7 and 512.

41.     Cal. Lab. Code § 226.7 provides that employers shall authorize and permit employees to take rest periods at the rate of ten (10) minutes net rest time per four (4) hours of work.

42.     Cal. Lab. Code § 226.7 provides that if an employer fails to provide an employee rest periods in accordance with this section, the employer shall pay the employee one (I) hour of pay at the employee's regular rate of compensation for each workday that the rest period is not provided.

43.     INNOVEX has intentionally and improperly denied rest periods to PLAINTIFF, and other members of the CLASS, in violation of Cal. Lab. Code §§ 226.7 and 512.

44.     At all times relevant hereto, the PLAINTIFF, and other members of the CLASS, have worked more than four hours in a workday.  At all times relevant hereto, INNOVEX failed to provide rest periods as required by Cal. Lab. Code §§ 226.7 and 512.

45.     By virtue of INNOVEX' unlawful failure to provide rest periods to them, PLAINTIFF, and other members of the CLASS, have suffered, and will continue to suffer, damages in amounts which are presently unknown to them, but which exceed the jurisdictional limits of this Court and which will be ascertained according to proof at trial.

46.     PLAINTIFF, and the other members of the CLASS, are informed and believe, and based upon that information and belief allege, that INNOVEX knows or should have known that the PLAINTIFF, and the other members of the CLASS, were entitled to meal periods and rest periods but purposely elected not to provide these mandated periods.

47.   PLAINTIFF, and the other members of the CLASS, are entitled to seek and recover reasonable attorneys' fees and costs pursuant to Cal. Lab. Code §§ 226.7 and 512.

### FOURTH CAUSE OF ACTION

**FOR FAILURE TO PAY WAGES WHEN DUE**
**[Cal. Lab. Code § 203]**
**(By the CLASS and Against All DEFENDANTS)**

48.   Plaintiff incorporates by reference the preceding allegations of this Complaint as though set forth here in their entirety.

49.   Cal. Lab. Code § 200 provides that:

As used in this article:

(a)   "Wages" includes all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis, or other method of calculation.

(b)   "Labor" includes labor, work, or service whether rendered or performed under contract, subcontract, partnership, station plan, or other agreement if the labor to be paid for is performed personally by the person demanding payment.

50.   Cal. Lab. Code § 202 provides, in relevant part, that:

If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting. Notwithstanding any other provision of law, an employee who quits without providing a 72-hour notice shall be entitled to receive payment by mail if he or

1    she so requests and designates a mailing address. The date of the

2    mailing shall constitute the date of payment for purposes of the

3    requirement to provide payment within 72 hours of the notice of

4    quitting.

5    51.    Cal. Lab. Code § 203 provides:

6    If an employer willfully fails to pay, without abatement or

7    reduction, in accordance with Sections 201, 201.5, 202, and

8    205.5, any wages of an employee who is discharged or who quits,

9    the wages of the employee shall continue as a penalty from the

10    due date thereof at the same rate until paid or until an action

11    therefor is commenced; but the wages shall not continue for more

12    than 30 days.

13    52.    Many of the Class member's employment has been terminated and

14    DEFENDANT has not tendered restitution of wages owed.

15    53.    Therefore, as provided by Cal lab. Code § 203, on behalf of herself and

16    the members of the CLASS, PLAINTIFF demands thirty (30) days of pay as penalty

17    for not paying all wages due at the time of termination for all employees whose

18    employment terminated during the CLASS PERIOD and demand an accounting and

19    payment of all wages due, plus interest, as provided by Cal Lab. Code § 218.6 plus

20    attorneys fees and interest as allowed by law.

21

22                       **FIFTH CAUSE OF ACTION**

23    **FAILURE TO PROVIDE ACCURATE ITEMIZED STATEMENTS**
     **[Cal Lab. Code § 226]**
24    **(By the CLASS and against All Defendants)**

25    54.    Plaintiff incorporates by reference the preceding allegations of this

26    Complaint as though set forth here in their entirety.

27    55.    Cal. Labor Code § 226 provides that an employer must furnish

28    employees with an "accurate itemized statement in writing showing:

(1)     gross wages earned,

(2)     total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission,

(3)     the number of piece rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis,

(4)     all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item,

(5)     net wages earned,

(6)     the inclusive dates of the period for which the employee is paid,

(7)     the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement,

(8)     the name and address of the legal entity that is the employer, and

(9)     all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee."

56.     At all times relevant herein, DEFENDANT violated Labor Code § 226, in that DEFENDANT failed to properly and accurately itemize the number of hours worked by PLAINTIFF, and the other members of the CLASS at the effective regular rates of pay and the effective overtime rates of pay.

57.     DEFENDANT knowingly and intentionally failed to comply with Labor Code § 226, causing damages to PLAINTIFF, and the other members of the CLASS. These damages include, but are not limited to, costs expended calculating the true hours worked and the amount of employment taxes which were not properly paid to

1  state and federal tax authorities. These damages are difficult to estimate. Therefore,

2  PLAINTIFF, and the other members of the CLASS elect to recover liquidated

3  damages of$50.00 for the initial pay period in which the violation occurred, and

4  $100.00 for each violation in subsequent pay period pursuant to Labor Code § 226,

5  in an amount according to proof at the time of trial (but in no event more than

6  $4,000.00 for PLAINTIFF and each respective member of the CLASS herein) plus

7  reasonable attorney's fees and costs pursuant to Labor Code § 226(g).

8

9  **SIXTH CAUSE OF ACTION**

10  **FOR UNLAWFUL BUSINESS PRACTICES**
    **[Cal. Bus. And Prof. Code §§ 17200 et seq.]**
11  **(By the CLASS and against All Defendants)**

12      58.    Plaintiff incorporates by reference the preceding allegations of this

13  Complaint as though set forth here in their entirety.

14      59.    INNOVEX is a "person" as that term is defined under Cal. Bus. and

15  Prof. Code §17201.

16      60.    Cal. Bus. and Prof. Code § 17200 defines unfair competition as any

17  unlawful, unfair, or fraudulent business act or practice.

18      61.    At all times relevant hereto, by and through the conduct described

19  herein, INNOVEX has engaged in unfair and unlawful practices by failing to pay

20  PLAINTIFF, and the other members of the CLASS, overtime compensation pursuant

21  to the applicable Cal.. Lab. Code, and Industrial Welfare Commission requirements

22  in violation of Cal. Bus. and Prof. Code § 17200 et seq., and has thereby deprived

23  PLAINTIFF, and the other members of the CLASS, of fundamental rights and

24  privileges.

25      62.    By and through the unfair and unlawful business practices' described

26  herein, INNOVEX has obtained valuable property, money, and services from the

27  PLAINTIFF, and the other members of the CLASS, and has deprived them of

28  valuable rights and benefits guaranteed by law, all to their detriment.

63. All the acts described herein as violations of, among other things, the Cal. Lab. Code and Industrial Welfare Commission Wage Order, are unlawful and in violation of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus. And Prof. Code § 17200 et seq.

64. PLAINTIFF, and the other members of the CLASS, are entitled to, and do, seek such relief as may be necessary to restore to them the money and property which Defendant INNOVEX has acquired, or of which PLAINTIFF, and other members of the CLASS, have been deprived, by means of the above described unfair and unlawful business practices.

65. PLAINTIFF, and the other members of the CLASS, are further entitled to, and do, seek a declaration that the above described business practices are unfair and unlawful and that an injunctive relief should be issued restraining INNOVEX from engaging in any of the above described unfair and unlawful business practices in the future.

66. PLAINTIFF, and the other members of the CLASS, have no plain, speedy, and/or adequate remedy at law to redress the injuries which they have suffered as a consequence of the unfair and unlawful business practices of INNOVEX. As a result of the unfair and unlawful business practices described above, PLAINTIFF, and the other members of the CLASS, have suffered and will continue to suffer irreparable harm unless INNOVEX is restrained from continuing to engage in these unfair and unlawful business practices. In addition, INNOVEX should be required to disgorge the unpaid moneys to PLAINTIFF, and the other members of the CLASS.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS pray for judgment against each Defendant, jointly and severally, as follows:

**ON FIRST CAUSE OF ACTION**

1. Certify this as a FLSA representative action on behalf of "all Sales Representatives employed by Defendant in the United States during the claim period."

2. Grant judgment in favor of PLAINTIFF and all similarly situated workers awarding them their unpaid regular wages and overtime, and an equal amount of liquidated damages.

3. Award PLAINTIFFS their costs of court and reasonable attorney's fees pursuant to the Fair Labor Standards Act.

**ON SECOND CAUSE OF ACTION**

1. For compensatory damages, including lost wages, commissions, bonuses, and other losses, during the period commencing on the date that is within four years prior to the filing of this Complaint according to proof;

2. For general damages, according to proof;

3. For an award of interest, including prejudgment interest at the legal rate;

4. For statutory damages, including reasonable attorneys' fees and cost of suit.

**ON THIRD CAUSE OF ACTION**

1. One hour of pay for each workday in which a rest period was not provided for each four hours of work during the period commencing on the date that is within four years prior to the filing of this Complaint, provided, however, that if the Supreme Court in the Kenneth Cole Productions case, S140308, determines that Labor Code 226.7 is subject to a one year limitations period, then PLAINTIFFS seek penalties for the year preceding filing of the complaint and until the class is certified;

2.     One hour of pay for each five (5) hours of work in which a meal period was not provided;

3.     For attorneys' fees and costs.

## ON FOURTH CAUSE OF ACTION

1.     For thirty days of pay as a penalty for not paying all wages due at the time of termination of employment for Plaintiff and members of the CLASS whose employment terminated within three years of the filing of the complaint until the date of entry of judgment as provided for by Cal. Lab. Code §§ 201 -203;

2.     For attorneys' fees and costs.

## ON FIFTH CAUSE OF ACTION

1.     For liquidated damages of $50.00 for the initial pay period in which the violation occurred, and $100.00 for each violation in subsequent pay periods pursuant to Cal. Lab. Code § 226 (but in no event more than $4,000.00 for PLAINTIFF and each respective member of the CLASS herein);

2.     For attorney's fees and costs.

## ON SIXTH CAUSE OF ACTION

1.     For restitution and/or restitutionary disgorgement;

2.     For injunctive relief ordering the continuing unfair business acts and practices to cease, or as the Court otherwise deems just and proper;

3.     For other injunctive relief ordering INNOVEX to notify the CLASS that they have not been paid the proper amounts required in accordance with California law.

1  **ON ALL CAUSES OF ACTION**

2     1.    For such other and further relief as the Court deems just and proper.

3

4

5  Dated:    February 26, 2008          MORRIS AND ASSOCIATES

6

7                             By:                          

8                                      STEPHEN B. MORRIS
                                    Attorneys for Class Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

PLAINTIFF demands jury trial on all issues triable to a jury.


Dated:        February 26, 2008                    MORRIS AND ASSOCIATES


                                          By:    *Stephen Morris*
                                                 STEPHEN B. MORRIS
                                                 Attorneys for Class Plaintiffs


Additional Counsel:

**UNITED EMPLOYEES LAW GROUP**
Walter Haines, Esq. (SBN #71075)
65 Pine Ave, #312
Long Beach, California 90802
Telephone: (877) 696-8378
Facsimile:  (562) 256-1006

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Alicemarie H. Stotler and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV08- 265 AHS (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)    NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| JERRI PAZDERNIK, an individual, on behalf of herself, and on behalf of all persons similarly situated, | INNOVEX (NORTH AMERICA) INC., a Delaware corporation conducting business in the State of California, and Does 1 to 100, |

| (b) County of Residence of First Listed Plaintiff (Except in U.S. Plaintiff Cases): Orange County | County of Residence of First Listed Defendant (In U.S. Plaintiff Cases Only): |
|---|---|

| (c) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) Stephen B. Morris, MORRIS AND ASSOCIATES 444 West C Street, Suite 300 San Diego, CA 92101 (619) 239-1300 | Attorneys (If Known) COPY |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes  ☐ No    ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. 216(b) Fair Labor Standards Act - failure to pay overtime

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities /Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | ☐ 440 Other Civil Rights | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**VIII(a). IDENTICAL CASES:** Has this action been previously filed and dismissed, remanded or closed? ☑ No  ☐ Yes

If yes, list case number(s):

**FOR OFFICE USE ONLY:**   Case Number: _____

CV-71 (07/05)                    CIVIL COVER SHEET                    Page 1 of 2

SACV08-0265

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

### AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**VIII(b). RELATED CASES:** Have any cases been previously filed that are related to the present case? ☑ No   ☐ Yes

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A.  Arise from the same or closely related transactions, happenings, or events; or

☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** List the California County, or State if other than California, in which **EACH** named plaintiff resides (Use an additional sheet if necessary)
☐ Check here if the U.S. government, its agencies or employees is a named plaintiff.
    Orange County

List the California County, or State if other than California, in which **EACH** named defendant resides. (Use an additional sheet if necessary).
☑ Check here if the U.S. government, its agencies or employees is a named defendant.
    New Jersey

List the California County, or State if other than California, in which **EACH** claim arose. (Use an additional sheet if necessary)
**Note:** In land condemnation cases, use the location of the tract of land involved.
    Orange County

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _Stephen Mann_   Date _3-4-08_

**Notice to Counsel/Parties:**  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |