MORGAN, LEWIS & BOCKIUS LLP
MELINDA S. RIECHERT, SBN 065504
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001
email: mriechert@morganlewis.com

MORGAN, LEWIS & BOCKIUS LLP
JENNIFER E WHITE-SPERLING, SBN  166504
JOHN D HAYASHI, SBN 211077
5 Park Plaza, Suite 1750
Irvine, CA 92614
Tel:  949.399.7000
Fax:  949.399.7001
email: jwhite-sperling@morganlewis.com
       jhayashi@morganlewis.com

Attorneys for Defendant
INNOVEX INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRI PAZDERNIK, an individual, on behalf of herself, and on behalf of all persons similarly situated,,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVEX (NORTH AMERICA) INC., a Delaware corporation conducting business in the State of California, and Does 1 to 100,<br><br>Defendant. | Case No. SACV08-0265 AHS (ANx)<br><br>**DEFENDANT INNOVEX INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant INNOVEX INC. incorrectly sued as INNOVEX (NORTH AMERICA) INC. ("Defendant") hereby responds to the allegations set forth in the Complaint of Plaintiff JERRI PAZDERNIK ("Plaintiff") according to its numbered paragraphs, as follows:

Answering the unnumbered introductory paragraph of the Complaint, Defendant admits that Plaintiff purports to bring this Complaint on behalf of herself

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-PA/3700240.1

DEFENDANT INNOVEX INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT

and current and former employees of Defendant. Defendant denies that each allegation in the Complaint has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery, and that this action may proceed as a class action or collective action. Defendant lacks sufficient knowledge or information to admit or deny the truth of the remaining allegations in this paragraph, and therefore denies these allegations.

## PRELIMINARY STATEMENT

1. Defendant avers that the allegations contained Paragraph 1 of the Complaint consist solely of conclusions of law to which no response is required. To the extent there are any factual allegations, Defendant denies said allegations. Defendant further denies that this action may proceed as a class action or collective action.

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint.

## JURISDICTION

3. Answering paragraph 3 of the Complaint, Defendant admits that Plaintiff has brought the instant action under the statutes named therein, and that this Court has subject matter jurisdiction over federal claims alleged in the Complaint. Defendant avers that certain of the allegations contained in Paragraph 3 constitute conclusions of law to which no response is required.

## VENUE

4. Answering paragraph 4 of the Complaint, Defendant admits that Plaintiff has brought the instant action under the statutes named therein, and that venue is proper with respect to Plaintiff's claims in this Court. With this exception, Defendant denies the remaining factual allegations contained therein.

## PARTIES

5. Answering paragraph 5 of the Complaint, Defendant admits that Plaintiff was employed as a Sales Representative for Defendant, and that she was

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-PA/3700240.1

2

**DEFENDANT INNOVEX INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

not paid overtime compensation because none was due her. Defendant lacks sufficient knowledge or information to admit or deny whether Plaintiff currently resides in the State of California. With these exceptions, Defendant denies the remaining factual allegations contained therein.

6. Answering paragraph 6 of the Complaint, Defendant admits that it is a contract sales organization, that its principal place of business is in New Jersey, that it conducts business throughout the United States, including the County of Orange in the State of California, and that it formerly employed Plaintiff and other pharmaceutical sales representatives, who were not paid overtime compensation because none was due them. With these exceptions, Defendant denies all remaining factual allegations contained therein.

7. Defendant denies the allegations contained in Paragraph 7 of the Complaint.

## REPRESENTATIVE CLASS ALLEGATIONS

8. Answering paragraph 8 of the Complaint, Defendant admits that Plaintiff has brought the instant action under the statutes named therein. With this exception, Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 8, and therefore denies the remaining allegations contained therein.

9. Answering Paragraph 9, Defendant avers that the allegations contained in said Paragraph constitute conclusions of law to which no response is required.

10. Defendant denies the allegations contained in Paragraph 10 of the Complaint.

11. Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-PA/3700240.1

3

DEFENDANT INNOVEX INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT

1  Complaint.

2      14.    Defendant denies the allegations contained in Paragraph 14 of the
3  Complaint.

4      15.    Answering Paragraph 15, Defendant admits that there is no other
5  pending litigation against Defendant involving the issues raised in this litigation.

6      16.    Answering Paragraph 16, Defendant admits that this Court is the
7  appropriate court for the resolution of Plaintiff's claims. With this exception,
8  Defendant denies the allegations contained in Paragraph 16 of the Complaint.

9      17.    Defendant denies the allegations contained in Paragraph 17 of the
10 Complaint.

11 **FACTS**

12     18.    Defendant avers that the allegations contained in Paragraph 18 of the
13 Complaint constitute conclusions of law to which no response is required.

14     19.    Answering Paragraph 19 of the Complaint, Defendant admits that
15 Plaintiff was employed by Defendant from approximately January 19, 2004 to
16 March 26, 2006 as a Sales Representative. Thereafter Plaintiff was on a leave of
17 absence until May 17, 2006, when her employment terminated.

18     20.    Answering Paragraph 20 of the Complaint, Defendant admits that
19 Plaintiff and other Sales Representatives were classified as exempt employees, were
20 paid a salary and additional compensation and were not paid overtime
21 compensation because none was due them. With this exception, Defendant denies
22 the remaining allegations contained therein.

23     21.    Defendant denies the allegations contained in Paragraph 21 of the
24 Complaint.

25     22.    Answering paragraph 22 of the Complaint, Defendant admits that
26 Plaintiff and other Sales Representatives were paid a salary and additional
27 compensation and were not paid overtime compensation because none was due
28 them. With these exceptions, Defendant denies the remaining allegations contained

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-PA/3700240.1

4

**DEFENDANT INNOVEX INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

therein.

## FIRST CAUSE OF ACTION

23. Answering paragraph 23 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 22, inclusive, of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

## SECOND CAUSE OF ACTION

25. Answering paragraph 25 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 24, inclusive, of the Complaint.

26. Defendant avers that the allegations contained in Paragraph 26 of the Complaint constitute conclusions of law to which no response is required.

27. Defendant avers that the allegations contained in Paragraph 27 of the Complaint constitute conclusions of law to which no response is required.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant avers that the allegations contained in Paragraph 29 of the Complaint, including its subparts, constitute conclusions of law to which no response is required.

30. Answering Paragraph 30, Defendant admits that Plaintiff spent more than 50% of her time performing sales. With this exception, Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Answering paragraph 32 of the Complaint, Defendant admits that Plaintiff and other Sales Representatives were paid a salary and additional compensation and were not paid overtime compensation because none was due them. Defendant denies the remaining allegations contained therein.

33. Defendant denies the allegations contained in Paragraph 33 of the

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-PA/3700240.1

5

DEFENDANT INNOVEX INC.'S ANSWER TO
PLAINTIFF'S COMPLAINT

1  Complaint.

2  34.  Defendant denies the allegations contained in Paragraph 34 of the
3  Complaint.

4  35.  Defendant avers that the allegations contained in Paragraph 35 of the
5  Complaint constitute conclusions of law to which no response is required. To the
6  extent Paragraph 35 contains any factual allegations, Defendant denies said
7  allegations.

## THIRD CAUSE OF ACTION

9  36.  Answering paragraph 36 of the Complaint, Defendant incorporates by
10  reference its responses to Paragraphs 1 through 35, inclusive, of the Complaint.

11  37.  Defendant avers that the allegations contained in Paragraph 37 of the
12  Complaint constitute conclusions of law to which no response is required.

13  38.  Defendant avers that the allegations contained in Paragraph 38 of the
14  Complaint constitute conclusions of law to which no response is required

15  39.  Defendant denies the allegations contained in Paragraph 39 of the
16  Complaint.

17  40.  Defendant denies the allegations contained in Paragraph 40 of the
18  Complaint.

19  41.  Defendant avers that the allegations contained in Paragraph 41 of the
20  Complaint constitute conclusions of law to which no response is required.

21  42.  Defendant avers that the allegations contained in Paragraph 42 of the
22  Complaint constitute conclusions of law to which no response is required.

23  43.  Defendant denies the allegations contained in Paragraph 43 of the
24  Complaint.

25  44.  Defendant denies the allegations contained in Paragraph 44 of the
26  Complaint.

27  45.  Defendant denies the allegations contained in Paragraph 45 of the
28  Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-PA/3700240.1

6

**DEFENDANT INNOVEX INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

1  46.  Defendant denies the allegations contained in Paragraph 46 of the Complaint.

2  47.  Defendant avers that the allegations contained in Paragraph 47 of the Complaint constitute conclusions of law to which no response is required. To the extent Paragraph 47 contains any factual allegations, Defendant denies said allegations.

## FOURTH CAUSE OF ACTION

48.  Answering paragraph 48 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 47, inclusive, of the Complaint.

49.  Defendant avers that the allegations contained in Paragraph 49 of the Complaint constitute conclusions of law to which no response is required.

50.  Defendant avers that the allegations contained in Paragraph 50 of the Complaint constitute conclusions of law to which no response is required.

51.  Defendant avers that the allegations contained in Paragraph 51 of the Complaint constitute conclusions of law to which no response is required.

52.  Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53.  Defendant denies the allegations contained in Paragraph 53 of the Complaint.

## FIFTH CAUSE OF ACTION

54.  Answering paragraph 54 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 53, inclusive, of the Complaint.

55.  Defendant avers that the allegations contained in Paragraph 55 of the Complaint, including its subparts, constitute conclusions of law to which no response is required.

56.  Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57.  Defendant denies the allegations contained in Paragraph 57 of the

1  Complaint.

## SIXTH CAUSE OF ACTION

58. Answering paragraph 58 of the Complaint, Defendant incorporates by reference its responses to Paragraphs 1 through 57, inclusive, of the Complaint.

59. Defendant avers that the allegations contained in Paragraph 59 of the Complaint constitute conclusions of law to which no response is required.

60. Defendant avers that the allegations contained in Paragraph 60 of the Complaint constitute conclusions of law to which no response is required.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies the allegations contained in Paragraph 66 of the Complaint.

## PRAYER FOR RELIEF

67. Defendant denies that this action should be certified as a Fair Labor Standards Act (FLSA) collective action, and that Plaintiff is entitled to any type of remedy, relief, damages, or penalties, including the relief requested in Plaintiff's Prayer for Relief.

## FIRST AFFIRMATIVE DEFENSE
## (Failure to State a Cause of Action)

68.  As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to state facts sufficient to constitute a cause of action against it.

## SECOND AFFIRMATIVE DEFENSE
## (Statutes of Limitations)

69.  As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, are barred in whole or in part by the applicable statutes of limitations, including, but not limited to, California Code of Civil Procedure sections 337, 338, 339, 340, and 343, California Labor Code section 203, California Business and Professions Code section 17208, and 29 U.S.C. § 255(a).

## THIRD AFFIRMATIVE DEFENSE
## (Estoppel)

70.  As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of estoppel.

## FOURTH AFFIRMATIVE DEFENSE
## (Waiver)

71.  As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of the purported class and collective action defined in the

Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

## FIFTH AFFIRMATIVE DEFENSE
### (Accord And Satisfaction)

72. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

## SIXTH AFFIRMATIVE DEFENSE
### (Release)

73. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the claims of certain putative members of the purported class and collective action defined in the Complaint are barred in whole or in part because said claims have been released by the individuals in question.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure To Exhaust Internal and Administrative Remedies)

74. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's statutory claims, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, are barred to the extent they failed to exhaust their internal and/or administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE
### (Laches)

75. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, and the claims of

each putative member of the purported class and collective action defined in the Complaint, or some of them, are barred in whole or in part by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

76. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Plaintiff's claims, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, are barred in whole or in part by their unclean hands and/or inequitable or wrongful conduct.

## TENTH AFFIRMATIVE DEFENSE
### (Preemption)

77. As a separate affirmative defense to the Complaint and to the second through sixth causes of action, brought on behalf of herself and putative class members, the second through sixth causes of action are pre-empted by the federal FLSA in that the application of California law to an alleged violation of the FLSA would impermissibly frustrate and undermine the remedial framework adopted by Congress for alleged violations of the FLSA. Specifically, *inter alia*, (i) Congress has mandated an opt-in collective action procedure for claims under the FLSA, while Plaintiff seeks to litigate her second through sixth causes of action as an opt-out class action pursuant to the California Code of Civil Procedure; and (ii) Congress has prescribed a two-year statute of limitations for violation of the FLSA, whereas Plaintiff seeks to apply a four-year statute of limitations under the California Business and Professions Code §§ 17200 *et seq.*

## ELEVENTH AFFIRMATIVE DEFENSE
### (Entitlement to "Administrative" Exemption from Overtime)

78. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that, at all times mentioned in the

Complaint, Plaintiff, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, were not entitled to overtime pay because they were exempt from overtime compensation requirements by virtue of one or more of the exemptions contained in the applicable federal and California wage and hour laws, including, but not limited to, the "administrative" exemption.

## TWELFTH AFFIRMATIVE DEFENSE

### (Entitlement to "Executive" Exemption from Overtime)

79. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that, at all times mentioned in the Complaint, Plaintiff, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, were not entitled to overtime pay because they were exempt from overtime compensation requirements by virtue of one or more of the exemptions contained in the applicable federal and California wage and hour laws, including, but not limited to, the "executive" exemption.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Entitlement to "Outside Sales" Exemption from Overtime)

80. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that, at all times mentioned in the Complaint, Plaintiff, and the claims of each putative member of the purported class and collective action defined in the Complaint, or some of them, were not entitled to overtime pay because they were exempt from overtime compensation requirements by virtue of one or more of the exemptions contained in the applicable federal and California wage and hour laws, including, but not limited to, the "outside sales" exemption.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Entitlement to "Motor Carrier" Exemption from Overtime)

As a separate affirmative defense to the First Cause of Action of the Complaint, Defendant alleges that, at all times mentioned in the Complaint, Plaintiff, and the claims of each putative member of the purported collective action defined in the Complaint, or some of them, were not entitled to overtime pay because they were exempt from overtime compensation requirements by virtue of one or more of the exemptions contained in the applicable federal wage and hour laws, including, but not limited to, the Motor Carrier Exemption under the FLSA.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy At Law)

81. As a separate affirmative defense to the Complaint, Defendant alleges that Plaintiff's causes of action and those of the purported class brought pursuant to California Business and Professions Code Section 17200, are barred in light of the fact that Plaintiff and the purported class have an adequate remedy at law.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Exclusive Remedy Doctrine)

82. As a separate affirmative defense to the Complaint and to the second through sixth causes of action, Defendant alleges that the second through sixth causes of action are barred by the exclusive remedy doctrine to the extent that Plaintiff seeks to bring a claim under California law based on an alleged violation of the FLSA, and the statutory remedy provided by the FLSA is the exclusive remedy for the enforcement of whatever rights plaintiff and the putative class may have under the FLSA.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Rules Enabling Act)

83.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint violates the Rules Enabling Act because it abridges the substantive rights conferred by Section 216(b) of the Fair Labor Standards Act.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Conduct Reasonable and In Good Faith/Not Willful)

84.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant contends that if Defendant is found to have failed to pay Plaintiff, and each putative class member, any amount due, which allegations Defendant denies, Defendant acted at all times on the basis of a good faith and reasonable belief that it had complied fully with California and federal wage and hour laws. Consequently, Defendant's conduct was not willful within the meaning of Section 203 of the California Labor Code and applicable federal laws.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Not the Employer)

85.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the named Defendant was not at all times the employer of Plaintiff and the putative members of the class or collective action defined in the Complaint.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Waiting Time Penalties)

86.     As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to state a claim for waiting time penalties under Labor Code Section 203 and applicable federal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

1-PA/3700240.1

14

**DEFENDANT INNOVEX INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

law, in that some of the members of the purported class did not resign or were not discharged prior to the filing of this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Setoff and Recoupment)

87. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that if any damages have been sustained by Plaintiff, or by any putative class or collective action members, although such is not admitted hereby or herein and is specifically denied, Defendant is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiff or putative class or collective action members owed to Defendant against any judgment that may be entered against Defendant.

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (Due Process/Class Certification)

88. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that certification of a class would constitute a denial of its due process rights in violation of the Fourteenth Amendment and the California Constitution.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Not Appropriate for Class Action)

89. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges the types of claims alleged by the named Plaintiff on behalf of herself and the alleged collective and Rule 23 classes, the existence of which are expressly denied, are matters in which individual questions predominate and, accordingly, are not appropriate for class or collective action treatment.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Inadequate Representative)

90. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to the extent it asserts a class action, because neither Plaintiff nor Plaintiff's counsel will fairly and adequately represent the purported class.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Claims Not Common or Typical)

91. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that the Complaint fails to the extent it asserts a class action, because the claims alleged by the named Plaintiff are neither common to nor typical of those of the class she purports to represent.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Superiority)

92. As a separate affirmative defense to the Complaint and to every cause of action alleged therein, Defendant alleges that a class claim under California Business and Professions Code Section 17200 is not maintainable for, among other reasons, failure to satisfy the requirement of superiority.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

93. The claims of Plaintiff and the putative class members she purports to represent are barred in whole or in part because Plaintiff fails to satisfy the prerequisites for class certification, lacks standing under Business and Professions Code section 17204 and the California Labor Code to bring these claims, and therefore cannot represent the interests of others as to each of the purported causes of action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation Of Rights)

94. Defendant presently has insufficient knowledge or information as to whether it may have additional, yet unasserted, affirmative defenses. Defendant therefore reserves the right to assert such additional affirmative defenses that may appear and prove applicable during the course of this litigation.

WHEREFORE, Defendant prays for judgment that:

1. The Court deny Plaintiff's request to certify this action as a class or collective action;

2. Plaintiff take nothing by reason of the Complaint on file herein, and that said Complaint be dismissed with prejudice;

3. Judgment be entered against Plaintiff and in favor of Defendant;

4. Defendant be awarded its costs of suit incurred herein;

5. That Defendant be awarded its attorneys' fees incurred herein, including pursuant to Labor Code section 218.5; and

6. For such other and further relief as the Court deems just and proper.

Dated:   April 14, 2008                    MORGAN, LEWIS & BOCKIUS LLP


By   /S/ Melinda S. Riechert
     Melinda S. Riechert
     Attorneys for Defendant
     INNOVEX INC.

# PROOF OF SERVICE

*Jerri Pazdernik v. Innovex (North America) Inc.*
*USDC, Central Case No. SACV08-0265 AHS (ANx)*

I am a resident of the State of California, County of Orange; I am over the age of eighteen years and not a party to the within action; my business address is 5 Park Plaza, Suite 1750, Irvine, California 92614.

On April 14, 2008, I served on the interested parties in this action the within document(s) entitled:

DEFENDANT INNOVEX, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

[ ]   **BY FAX: (C.C.P. § 1013(a),(e); CRC 2008)** - by transmitting via electronic facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.; I also caused the fax machine to print such record(s) of the transmission.

[ ]   **BY MAIL: (C.C.P. § 1013(a))** - by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[ ]   **BY OVERNIGHT MAIL (C.C.P. § 1013(c))** - By **FEDERAL EXPRESS**, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

[ ]   **BY CERTIFIED MAIL, RETURN RECEIPT REQUESTED** – By placing true copy(ies) thereof in sealed envelope(s) with Certified Mail, Return Receipt Requested, postage thereon fully prepaid and by causing such envelope(s) to be deposited in the mail at 5 Park Plaza, Suite 1750, Irvine, California 92614.

1-PA/3700240.1                                    PROOF OF SERVICE

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
IRVINE

| | |
|---|---|
| 1 | |
| 2 | [ ]  **BY ELECTRONIC SERVICE (C.C.P. § 1010.6(a)(6))** - the parties listed below were served electronically with the document(s) listed above by e-mailed PDF files on April 14, 2008.  The transmission was reported as complete and without error.  My electronic notification address is 5 Park Plaza, Suite 1750, Irvine, California 92614.  My e-mail address is tshaw@morganlewis.com. |

[ X ]  **BY E-FILE** – I caused such documents to be transmitted by e-file with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Stephen B. Morris, Esq.<br>MORRIS AND ASSOCIATES<br>444 West C Street, Suite 300<br>San Diego, CA 92101<br>Tel:  (619) 239-1300<br>Fax: (619) 234-3672<br>morris@sandiegolegal.com | *Attorneys for Plaintiffs Jerri Pazdernik, et al.* |

[ ]  **STATE:**  I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[ X ]  **FEDERAL:**  I declare that I am employed in the office of a member of the Bar of this Court at whose direction this service was made.

Executed on April 14, 2008, at Irvine, California.

                                      /s/  Terri M. Shaw
                                      Terri M. Shaw