UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRI PAZDERNIK, an individual, on behalf of herself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>INNOVEX (NORTH AMERICA) INC., a Delaware corporation conducting business in the State of California, and Does 1 to 100,<br><br>Defendant. | Case No. SACV08-0265 AHS (ANx)<br><br>**PROTECTIVE ORDER** |

WHEREAS, the initial disclosure requirements of Rule 26 of the Federal Rules of Civil Procedure and the anticipated discovery demands of Plaintiff Jerri Pazdernik ("Plaintiff") require the production of documents that potentially include proprietary information regarding trade secrets of Defendant Innovex Inc. and its customers ("Defendant"), including but not limited to pharmaceutical products; sales and marketing practices; private information regarding Defendant's employees; patient information; and confidential information regarding Defendant's customers, including but limited to doctors, pharmacies, hospitals, and any and all other medical providers;

WHEREAS, the parties having met and conferred with one another in good faith, the parties agree that a stipulated protective order is necessary to protect Defendant's trade secrets, private information regarding Defendant's employees, non-party patient information, and confidential information regarding Defendant's customers;

WHEREAS, in the absence of a protective order, proprietary information regarding trade secrets of Defendant may be disclosed publicly; private information regarding Defendant's employees may be made public; private information concerning patients could be disclosed; and confidential information regarding Defendant's customers may be made public; and

WHEREAS, the parties thus agree that in order to conduct meaningful discovery in accordance with the Federal Rules of Civil Procedure, a stipulated protective order is necessary and outweighs the interest of the public to gain access to litigation documents and information that may be based in whole or in part upon the information contained within such discovery. *See Phillips v. GM Corp.*, 307 F.3d 1206, 1209-11 (9th Cir. 2002).

THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and Defendant, and by and between their undersigned counsel, that:

1. The following documents, information and other discovery materials shall be treated as Confidential Material subject to this Stipulated Protective Order:

   (a) Any and all documents regarding, pertaining to, or concerning proprietary, trade secret, financial, or other confidential material. "Trade secret" means information, including a formula, pattern, compilation, program, device, method, technique, or process, that: (1) derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) is the subject of efforts that are reasonable under the circumstances to maintain its secrecy. Cal.

Civ. Code § 3426.1(d). Such documents shall include, but are not limited to, training material, internal documents concerning marketing techniques and effectiveness of those techniques, and proprietary documents relating to Defendant's products.

       (b)     Private information regarding, pertaining to, or concerning Defendants' current and former employees, including but not limited to home addresses, home telephone numbers, social security numbers, drivers' license numbers, and date of birth which should not be filed with the Court as public records.

       (c)     Information regarding, pertaining to, or concerning Defendant's customers that is not public information, including the identification of doctors, pharmacies, hospitals, and other medical providers, or the patients thereof, who have purchased, prescribed, or used, any product developed, manufactured, patented, and/or sold by Defendant and its customers.

2. Any party may in good faith designate as Confidential Material, and subject to this Stipulated Protective Order, any document, information or material that is either: (i) produced during discovery proceedings in this action; (ii) included in an order of this Court; or (iii) generated by a party in this action, including but not limited to, answers to interrogatories and responses to any request for the production of documents and which constitute or contain the documents or information identified in Paragraph 1.

3. Acceptance by any party of discovery material designated as "Confidential Material" shall not constitute a concession that any such discovery material is appropriately so designated.

4. Documents and other discovery materials may be designated as Confidential Material: (i) by affixing a legend to every page of the document at the time of production; (ii) by agreement in writing between the producing and receiving parties at any time; (iii) with respect to deposition testimony, in

1  accordance with the procedures set forth in Paragraph 5 below; or (iv) with respect
2  to motion papers, in accordance with the procedures set forth in Paragraph 6 below.
3  If the designation in question is disputed by the receiving party, then the receiving
4  party shall so notify the designating party in writing.  Any disputes between counsel
5  regarding the scope of Confidential Material will be resolved by the Court.  Upon
6  the request of any counsel, counsel agree to meet promptly to review and resolve
7  informally issues centering on Confidential Material.  If the parties are unable to
8  resolve their dispute, then either party may move the Court for an order approving
9  or removing the confidential designation, and the non-moving party may oppose
10 such motion pursuant to Local Rule 37.  The designated material shall be deemed
11 Confidential Material until the issue is resolved by the Court.

12         5.     Any person giving deposition testimony in this action may, directly or
13 through counsel, designate his or her testimony or any portion thereof (including
14 exhibits), whether or not previously designated as Confidential Material, as
15 Confidential Material by advising the court reporter and all parties of such fact on
16 the record during the deposition, or in writing at any time up to and including the
17 seventh day after the date of receipt of the deposition transcript.  Deposition
18 testimony shall automatically be deemed to be Confidential Material subject to the
19 terms of this Order until the end of the seventh day after the date of receipt of the
20 deposition transcript.  All copies of deposition transcripts designated as or
21 containing Confidential Material shall be prominently marked "Confidential
22 Material" on the cover thereof.  If this designation is disputed by the receiving
23 party, then the receiving party shall so notify the designating party in writing.  The
24 deposition testimony in dispute shall remain Confidential Material subject to the
25 terms of this Order.  If the parties are unable to resolve their dispute, then either
26 party may move the Court for an order approving or removing the confidential
27 designation and the non-moving party may oppose such motion pursuant to Local
28

1  Rule 37.  The designated material shall be deemed Confidential Material until the
2  issue is resolved by the Court.

3        6.      Motion papers or other Court filings, including exhibits, that disclose
4  Confidential Material shall be the subject of an application to file the Confidential
5  Material under seal pursuant to Rule 79-5 of the Civil Local Rules for the United
6  States District Court, Central District of California.  Nothing shall be filed under
7  seal and the Court shall not be required to take any action without a separate prior
8  order by the Court before whom the hearing or proceeding will take place after
9  application by the affected party with appropriate notice to opposing counsel.  If the
10  receiving party disputes a confidential designation of motion papers or exhibits,
11  then the receiving party must notify the designating party of that dispute in writing.
12  If the parties are unable to resolve their dispute, either party may move the Court
13  for an order approving or removing the confidential designation and the non-
14  moving party may oppose such motion pursuant to Local Rule 37.  In the interim,
15  the designated material shall be deemed Confidential Material until the issue is
16  resolved by the Court.

17        7.      All Confidential Material shall be used only for the purposes of this
18  action and shall not be used for any other purpose except upon written consent of
19  the designating party or order of this Court, unless the Confidential Material was
20  obtained lawfully and independently of the designating party.

21        8.      Confidential Material shall be held in confidence and shall not be
22  intentionally or recklessly revealed, discussed, or disclosed in any manner, in any
23  form, to any person or entity other than:

24        (a)      the Court in this action;
25        (b)      counsel for any party retained in or working on the prosecution,
26  defense, or settlement of this action including co-counsel and counsel employed
27  directly by any party;
28        (c)      employees of counsel and persons assigned to assist counsel in

the prosecution, defense, or settlement of this action;

(d) individual parties, including the Plaintiff and/or any director, officer or employee of any party to this action, to the extent deemed necessary by counsel for the prosecution, defense or settlement of this action;

(e) witnesses, experts, and consultants, but only to the extent reasonably deemed necessary by counsel for the prosecution, defense or settlement of this action <u>and</u> only if the witnesses and consultants sign the Stipulated Protective Order Confidentiality Agreement.

9. Prior to the disclosure of any Confidential Material to Plaintiff, Defendant, or any individual entitled to review such information pursuant to the provisions of the preceding paragraph 8(e), such individual shall be provided with a copy of this Stipulated Protective Order and be instructed to read it. After such person has read Stipulated Protective Order, he or she shall be required to sign a copy of the attached Confidentiality Agreement acknowledging that he or she shall abide by the terms of this Stipulated Protective Order. The parties agree to obtain and retain a signed copy of the attached Confidentiality Agreement from any individual, including any nonparty deponents, to whom Confidential Material is disclosed.

10. The inadvertent or unintentional disclosure by any party of Confidential Material, regardless of whether the information was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information disclosed or as to any other information relating thereto on the same or related subject matter.

11. Nothing contained in this Stipulated Protective Order shall affect or restrict the rights of any party with respect to its own documents.

12. A producing party may notify in writing the other party that documents that should have been designated Confidential Material were inadvertently

1   produced without being so designated.  Upon receiving such written notice from the
2   producing party, the receiving party shall thereafter treat the documents as
3   Confidential Material pursuant to this Stipulated Protective Order, subject to the
4   procedures herein for disputing the designation of materials as Confidential
5   Material and for resolving such disputes.

6       13.    Upon final termination of this action, a party producing Confidential
7   Material may request the return or destruction of all such material and of other
8   documents containing information or data from the Confidential Material, and all
9   copies thereof made by or on behalf of the receiving parties, and the receiving
10  parties shall comply with such request unless otherwise ordered by the Court.
11  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all
12  pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney
13  work product, even if such materials contain Confidential Material.  Any such
14  archival copies that contain or constitute Confidential Material remain subject to
15  this Stipulated Protective Order.  Moreover, any such Confidential Material shall
16  not be used by Counsel in any way in any other matter, including in any other case,
17  action or proceeding.

18      14.    The provisions of this Stipulated Protective Order are without
19  prejudice to any application by any party at any time, on notice, for a modification
20  or dissolution of or relief from this Stipulated Protective Order or any provision
21  hereof.

22      15.    The parties and their attorneys, and all other persons agreeing to this
23  undertaking, shall be responsible to see that the purpose and effect of this Stipulated
24  Protective Order is achieved.

25      16.    The foregoing is entirely without prejudice to the right of any party to
26  apply to the Court for any further protective order relating to any confidential
27  documents or information; or to apply to the Court for an order compelling
28

1 production of documents; or for the modification or the relaxation of this Stipulated
2 Protective Order.
3     17.    The Court may modify this Stipulated Protective Order in the interests
4 of justice or public policy.
5     GOOD CAUSE HAVING BEEN SHOWN, IT IS SO ORDERED.

7 Dated: July 23, 2008         /S/    ARTHUR NAKAZATO
                                              U.S. Magistrate Judge